[No. B034439. Second Dist., Div. Four. June 22, 1989.]

ELLISON MILES, Plaintiff and Appellant, v.
GLEN SPEIDEL, Defendant and Respondent.

**COUNSEL**

Townsend & Brewington and Robert Townsend for Plaintiff and Appellant.

No appearance for Defendant and Respondent.

**OPINION**

**McCLOSKY, Acting P. J.**—Plaintiff Ellison Miles appeals from the order of dismissal entered in favor of defendant Glen Speidel. That dismissal was entered following the trial court's order granting defendant's motion to dismiss due to plaintiff's failure to bring this action to trial within five years. (Code Civ. Proc., § 583.310.) Defendant has not filed a respondent's brief even though he has been advised by the court by letter of December 16, 1988, of the effect of his not doing so. Accordingly, we "accept as true the statement of facts in the appellant's opening brief . . . ." (Cal. Rules of Court, rule 17(b).)

 Defendant's failure to file a respondent's brief does not, however, lead to an automatic reversal. While several cases contain language stating that the respondent's failure to file a brief allows the court to "assume . . . the ground urged by appellant for reversing the judgment is meritorious" (*People* v. *Hacker Emporium, Inc.* (1971) 15 Cal.App.3d 474, 476-477 [93 Cal.Rptr. 132]), the better reasoned cases hold that "since the appellant has the affirmative burden to show error whether or not the respondent's brief has been filed, the respondent's failure to file does not require an automatic reversal. [Citations.]" (*In re Marriage of Davies* (1983) 143 Cal.App.3d 851, 854 [192 Cal.Rptr. 212].) Accordingly, while we accept plaintiff's factual recitation in his opening brief as correct this does not obviate his burden of affirmatively demonstrating error.

Plaintiff filed the complaint in this action on March 23, 1981. The parties stipulated that the trial in this matter be continued until May 26, 1987, and that the five-year period expire on September 4, 1987. Plaintiff's counsel then applied for and received a continuance of the May 26th trial date. Trial was then scheduled for October 13, 1987.[1]

By letter of August 20, 1987, counsel for defendant suggested that a deposition then scheduled for August 27th be continued. That letter explains that defense counsel will soon be leaving the country and will not return until mid-September. The letter also states that "[i]f for any reason this poses a problem for you in terms of completing whatever discovery you think essential before the trial, I am prepared to agree to continue the trial (and to extend the five years) so that you are not in any way prejudiced." On September 29, 1987, counsel for the parties entered into the following stipulation: "Plaintiff and Defendant have heretofore signed and filed Stipulations extending the time within which trial in this action must be commenced under Code of Civil Procedure § 583.310. Except for such filed Stipulations, no extension, waiver or estoppel, either by something express or implied, exists with regard to Defendant's rights under Code of Civil Procedure § 583. However, Plaintiff and Defendant hereby further stipulate that in calculating the date by which trial must be commenced pursuant to Code of Civil Procedure § 583.310, the parties now further stipulate that pursuant to Code of Civil Procedure § 583.330 the period of time from October 13, 1987 to the next trial date ordered by this Court shall be excluded."

On December 29, 1987, defendant filed a motion to dismiss on the grounds that the parties' stipulation did not waive plaintiff's failure to bring the action to trial within five years as of the time the stipulation was executed. The trial court agreed and dismissed the action. This appeal follows.

## DISCUSSION

Plaintiff's contentions on appeal all relate to whether the September 29th stipulation precluded defendant from relying on the five-year dismissal statute.[2] Code of Civil Procedure section 583.310 directs that "[a]n action shall be brought to trial within five years after the action is commenced . . . ." Section 583.330 provides that "[t]he parties may extend the time within

---

[1] The parties dispute whether this continuance was obtained to accommodate plaintiff or defendant.

[2] Plaintiff does not contend that defense counsel's letter of August 20, 1987, estops defendant from asserting the five-year statute.

which an action must be brought to trial pursuant to this article by the following means: "(a) By written stipulation. . . .

"(b) By oral agreement made in open court, . . ."

■ As stated in *Taylor* v. *Shultz* (1978) 78 Cal.App.3d 192, 196 [144 Cal.Rptr. 114]: "The reason behind the requirement for a written stipulation was first explained in *Miller & Lux, Inc.* v. *Superior Court,* 192 Cal. 333, 340 [219 P. 1006]: 'The provision [§ 583] that a written stipulation be entered into was intended to preclude all disputes, with their attendant charges and countercharges of overreaching and unethical conduct, by a requirement that clear and uncontrovertible evidence be presented to the court that the statutory time was *deliberately* intended to be extended by both parties.' (Italics added.)"

In contending that the trial court erroneously dismissed this action, plaintiff relies on a series of cases explaining that if the parties stipulate either to waive the right to dismissal or extend the time of trial to beyond the five years then dismissal is improper even if the stipulation was entered into after the five-year period has expired. (See *General Ins. Co* v. *Superior Court* (1975) 15 Cal.3d 449, 455 [124 Cal.Rptr. 745, 541 P.2d 289] ["A written stipulation extends section 583's five-year term for bringing the action to trial if it *expressly* either waives the right to dismissal, or extends the time of trial to a date beyond the five-year period." (Italics in original.)]; *Estate of Thatcher* (1953) 120 Cal.App.2d 811, 814 [262 P.2d 337].)

As explained above, however, these cases are all grounded upon a statute the main purpose of which is to avoid dispute and effectuate the intent of the parties. ■ Accordingly, to determine whether the stipulation in the present case waives the right to dismissal, we must examine the terms of that stipulation. "In construing [a] stipulation [extending the five-year period] the ordinary rules for interpretation of contracts apply . . . ." (*Chapin* v. *Superior Court* (1965) 234 Cal.App.2d 571, 575 [44 Cal.Rptr. 496].) ■ "In the interpretation of contracts, the paramount consideration is the intention of the contracting parties as it existed at the time of contracting. [Citations.] The court must examine an instrument in the light of the circumstances surrounding its execution so as to ascertain what the parties meant by the words they used. [Citation.] In determining the intention of the parties in relation to the execution of a contract, 'the court may look to the circumstances surrounding the making of the agreement, including the object, nature, and subject matter of the writing, and thereby "place itself" for this purpose in the same situation in which the parties found themselves at the time of contracting. [Citations.]' " (*Cedars-Sinai Medical Center* v. *State Bd. of Equalization* (1984) 162 Cal.App.3d 1182, 1187 [208 Cal.Rptr.

837].) "However, the objective intent as evidenced by the words of the contract, not the parties' subjective intent, governs our interpretation." (*Market Ins. Corp.* v. *Integrity Ins. Co.* (1987) 188 Cal.App.3d 1095, 1098 [233 Cal.Rptr. 751].)

As set out above, the stipulation in the present case provides: "Plaintiff and Defendant have heretofore signed and filed Stipulations extending the time within which trial in this action must be commenced under Code of Civil Procedure § 583.310. Except for such filed Stipulations, no extension, waiver or estoppel, either by something express or implied, exists with regard to Defendant's rights under Code of Civil Procedure § 583. However, Plaintiff and Defendant hereby further stipulate that in calculating the date by which trial must be commenced pursuant to Code of Civil Procedure § 583.310, the parties now further stipulate that pursuant to Code of Civil Procedure § 583.330 the period of time from October 13, 1987 to the next trial date ordered by this Court shall be excluded."

■ In urging that this language did not preserve defendant's right to a dismissal, plaintiff argues that "[a]t the time of signing the stipulation (plaintiff) believed that he only acquiesced to the following: (i) that up to the time of the stipulation no known *extensions* of the five year statute '*exists*' except those made by previous written stipulations; (ii) that no *waiver* of respondent's rights up to that time '*exists*['], and (iii) no *estoppel* '*exists*' as of that time. To the [plaintiff] this is innocuous language which merely acknowledges the situation as it 'exists' at the time. It only acknowledges the present status and neither confers or confirms future rights during the operation of the stipulation; i.e. the period for which the trial is continued."

While this may have been the subjective interpretation of the meaning of the stipulation by counsel for plaintiff, it is inconsistent with the clear language of that stipulation. That stipulation unequivocally provides that the parties' prior stipulations constitute the only waivers of the five-year statute and that only the period between the then scheduled October 13th trial date and the continued trial date should be excluded in calculating the five-year period. The only possible reason for phrasing the stipulation in this way was to preserve whatever right defendant had to have the action dismissed under the five-year statute as of the time the stipulation was executed.[3] Interpreting the stipulation in a contrary manner would undermine the reason for requiring that stipulations be in writing in the first place.

---

[3] While plaintiff may be correct that the stipulation could have more clearly expressed that defendant was not waiving any five-year defense existing as of the effective date of the stipulation, the stipulation is simply not susceptible to plaintiff's interpretation.

The erroneous interpretation of the meaning of the stipulation by counsel for plaintiff is insufficient to serve as a shield against defendant's five-year claim. (*Martin* v. *Cook* (1977) 68 Cal.App.3d 799 [137 Cal.Rptr. 434] [The erroneous belief of plaintiff's counsel that a stipulation waiving former section 583, subdivision (a) (the two-year statute) was intended to waive former section 583, subdivision (b) (the five-year statute) is not sufficient to preclude dismissal.].) Accordingly, we must affirm.

The judgment (order) is affirmed.

George, J., and Goertzen, J., concurred.