[No. A071521. First Dist., Div. Four. Sept. 26, 1996.]

CITY AND COUNTY OF SAN FRANCISCO, Plaintiff and Appellant, v. RAYE C. MILLER, Defendant and Respondent.

## COUNSEL

Daniel E. Lungren, Attorney General, Roderick E. Walston, Chief Assistant Attorney General, Carol Ann White, and Mary A. Roth, Deputy Attorneys General, for Plaintiff and Appellant.

Francia M. Welker for Defendant and Respondent.

## OPINION

**HANLON, J.**—We publish our opinion in this case to call attention to the needless use of judicial resources to address the meritless arguments raised in this matter. Despite the Legislature's express pronouncement in Family

Code[1] section 4057 that the trial court has discretion to reduce the amount of a child support order below the presumptive amount set forth in section 4055, The City and County of San Francisco (County) contends that it does not. Today, this court is faced with an increasing case load and scarce judicial resources. In order to preserve our limited resources, we cannot countenance the filing of needless appeals that unnecessarily burden the appellate system and the taxpayers of this state. This misuse of resources is particularly acute here where respondent necessitated appointed counsel in order to respond to the appeal. We ask that in the future the County and the Attorney General give serious consideration to determine whether an appeal of an order modifying the amount of child support is merited before filing the notice of appeal.

## FACTUAL BACKGROUND

In 1987, respondent Raye C. Miller was ordered to pay $67.50 per month in child support for each of his two children. Miller subsequently fathered another child and additional child support was ordered. On June 12, 1995, the County filed a motion to modify the amount of the child support. At the time of the motion, Miller was earning $832 in disability income per month, of which $256 was garnished for child support to reimburse the County for public assistance provided to the children by the San Francisco Department of Social Services. Miller's income and expense declaration indicated that his monthly living expenses totaled $577 including a rental payment of $450. Miller's declaration further reflected that he had primary physical responsibility for the children for 20 percent of the time.

At the hearing on the motion, the court noted that appellant had virtually nothing to live on after the child support was deducted from his income and the rent was paid. The court found that Miller had a net disposable income of $712 and that after deducting his rent payment of $450, there was only $262 left to cover his monthly expenses. The court therefore ordered that appellant pay nothing in child support. It noted that if it applied the section 4055, subdivision (b)(7) low-income adjustment and ordered support of $248, that would leave appellant with only $14 per month, which was unjust and inappropriate. The court found that "it is not in the best interest of society or the children to deprive the obligor of a minimum amount of income necessary to support life." The court urged appellant to find a roommate and set the matter for a review hearing in two months. The County appealed.

---

[1]All further statutory references are to the Family Code.

## DISCUSSION

■ The County contends that the trial court lacked discretion to reduce the amount of child support below the low-income adjustment provided in section 4055, subdivision (b)(7). Under section 4055, the court may order a low-income adjustment to the amount of child support ordered if the obligor's net disposable income per month is less than $1,000.[2] Although the County acknowledges that under the guidelines of section 4055, appellant's support obligation would be $248, leaving him with a monthly income of only $14, it argues that the court had no discretion to set Miller's support obligation lower than that sum calculated under the formula in section 4055, subdivision (b)(7). This argument is feckless.

Section 4057 specifically provides that the court has discretion to set support in an amount other than that provided in section 4055. Although the amount of child support established by the formula under section 4055 is presumed to be the correct amount, that presumption is a "rebuttable presumption" and may be rebutted by evidence showing that "[a]pplication of the formula would be unjust or inappropriate due to special circumstances in the particular case. . . ." (§ 4057, subds. (a), (b)(5); see also *County of Lake v. Antoni* (1993) 18 Cal.App.4th 1102, 1105-1106 [22 Cal.Rptr.2d 804] [court has discretion to reduce the amount of child support below presumptive amount in statute where the court finds that application of the statutory formula would be unjust].)

The court did not abuse its discretion in reducing support in this case. The evidence showed that application of the formula set forth in section 4055 would leave Miller with only $14 for his monthly expenses. The County's argument that low income is not a "special circumstance" misses the mark. Miller's income was not only low, he had virtually nothing left after his wages were garnished and his rent was paid in which to meet his monthly expenses. Moreover, Miller maintains physical responsibility of the children for 20 percent of the time. Presumably he must attempt to feed them during this period. Given these circumstances, the court did not abuse its discretion by reducing Miller's support obligation to zero and urging him to locate a roommate in order to reduce his monthly expenses.

---

[2]Section 4055, subdivision (b)(7) provides in part, "[w]here the court has ruled that a low-income adjustment shall be made, the child support amount otherwise determined under this section shall be reduced by an amount that is no greater than the amount calculated by multiplying the child support amount otherwise determined under this section by a fraction, the numerator of which is 1,000 minus the obligor's net disposable income per month, and the denominator of which is 1,000. . . ."

The order is affirmed.

Anderson, P. J., and Poché, J., concurred.

A petition for a rehearing was denied October 25, 1996, and appellant's petition for review by the Supreme Court was denied December 23, 1996. Baxter, J., and Brown, J., were of the opinion that the petition should be granted.