Filed 5/10/16  Shiloh v. Shiloh CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| KENNY J. SHILOH, Plaintiff and Appellant, v. KENNARD SHILOH, et al., Defendants and Respondents. | F071607 (Super. Ct. No. S1500CV278507) **OPINION** |

## THE COURT[*]

APPEAL from an order of the Superior Court of Kern County.  David R. Lampe, Judge.

Kenny J. Shiloh, in propria persona, for Plaintiff and Appellant.

No appearance for Defendants and Respondents.

-ooOoo-

Kenny J. Shiloh is a self-represented litigant who filed a complaint against four of his family members alleging they committed identity theft and defamed him.  He appeals an order dismissing his action without prejudice, which the trial court entered after he failed to appear at a hearing set pursuant to an order to show cause (OSC) regarding

---

[*] Before Hill, P.J., Levy, J. and Gomes, J.

dismissal. Kenny appears to argue that the trial court erred in dismissing the action because there was good cause for his lack of appearance at the hearing. As Kenny fails to affirmatively show error, we affirm the dismissal order.

## FACTUAL AND PROCEDURAL BACKGROUND

The clerk's transcript, and the register of action/docket included therein, provide an overview of the pleadings and court actions:

On January 16, 2013, Kenny filed a complaint for defamation, identity theft, infliction of emotional distress and conspiracy, against his parents, Kennard and Patricia Shiloh, his brother Kevin Lamar Shiloh, and his uncle Michael Shiloh. Kenny alleged that, beginning in 1995, his family inappropriately used his identifying information to obtain credit, verbally abused him, opened his mail and went through his telephone messages, and gave him a vehicle with stolen license plates. He alleges his family's actions caused him to be hospitalized 27 times in nine years due to severe depression and post-traumatic stress disorder.

On March 27, 2013, Patricia and Michael filed a demurrer to the complaint on the ground that it did not state facts sufficient to constitute a cause of action. Kenny filed an opposition to the demurrer, which is not in the appellate record. On April 22, 2013, the trial court sustained the demurrer with leave to amend and gave Kenny 20 days leave to serve and file a first amended complaint.

Kenny filed an amended complaint against the same family members on May 20, 2013, alleging causes of action for declaratory and injunctive relief, identity theft, conspiracy to commit fraud, negligence, harassment, defamation, abuse of dependent adult and emotional distress. On October 3, 2013, the trial court dismissed the case without prejudice on its own motion. The trial court found the case had been abandoned because no proof of service had been provided to the court after the amended complaint was filed, and the matter had been on calendar numerous times for an OSC regarding dismissal, but Kenny failed to appear.

2.

On December 15, 2014, Kenny filed a motion to restore the case to calendar, which the trial court granted at a hearing held on January 20, 2015,[1] at which Kenny appeared telephonically. The trial court set an OSC regarding service for March 17. By the March 17 hearing, at which Kenny, Kennard and Patricia personally appeared, Kenny had not served all the parties. The trial court set a hearing on an OSC regarding dismissal for April 27, and informed Kenny that he needed to show the court he had attempted to serve and prosecute the case.

On April 16, Kenny filed a "notice of ex parte hearing," in which he stated he was applying for an order to have every defendant present in court on April 27 to present a self-identifying document with their signature, and to submit "an on-site signature to the courts" due to concerns that Michael's signature on the prior demurrer was fraudulent. In his declaration in support of this request, Kenny asserted there was good cause to believe that Michael did not sign the demurrer and his signature was forged. Kenny also challenged many of the statements made in the demurrer.

Neither Kenny nor any of the defendants appeared at the April 27 hearing. The trial court ordered the ex parte application dropped and dismissed the case without prejudice. Kenny appeals from the dismissal order.

## DISCUSSION

On appeal, Kenny appears to contend the trial court erred in dismissing his case because there was good cause for his failure to appear at the April 27 hearing, as he could not afford to personally appear. He asserts that when he appeared telephonically at the January 20 hearing via Court Call, he experienced "technicalities," such as the call being "broken up" and dropped, which made it difficult for him to hear the "vast majority" of the trial court's instructions regarding service. He explains that because of these "technicalities," he refused to use the service again and decided to personally appear at

---

[1] Subsequent references to dates are to dates in 2015.

3.

subsequent hearings. He claims that by the April 27 hearing, the "vast majority" of his finances had been depleted because he had to hire a process server to personally serve the defendants with his notice of ex parte hearing and declaration, as the court clerk erroneously rejected the proofs of service that showed service by other methods, and therefore he could not afford to travel to Bakersfield from his home in Southern California for the hearing. He asks this court to vacate the dismissal and grant summary judgment in his favor along with monetary sanctions.

The California Supreme Court has instructed that an order dismissing an action is presumed correct, and may not be reversed on appeal unless the appellant meets his or her burden of showing that the trial court abused its discretion. (*Howard v. Thrifty Drug & Discount Stores* (1995) 10 Cal.4th 424, 443.)[2]

It is not clear from the record precisely why the trial court dismissed Kenny's case. The only argument Kenny raises for reversal is that he had good cause for failing to appear at the April 27 hearing. While this may have been one reason the trial court dismissed the action, another reason exists for dismissal, namely Kenny's failure to timely serve the defendants with the amended complaint. Based on the record before us, the trial court acted well within its discretion in imposing the sanction of dismissal on this basis.

The California Rules of Court place a time limit on the service of the complaint and the filing of proofs of service, as follows: "The complaint must be served on all named defendants and proofs of service on those defendants must be filed with the court within 60 days after the filing of the complaint." (Cal. Rules of Court, rule 3.110(b).) "If a party fails to serve and file pleadings as required under this rule, and has not obtained

---

[2] There was no respondent's brief filed in this case. Even in the absence of a respondent's brief, however, an appellant has the burden of showing reversible error. (See *County of Lake v. Antoni* (1993) 18 Cal.App.4th 1102, 1104; Cal. Rules of Court, rule 8.220(a)(2).)

4.

an order extending time to serve its pleadings, the court may issue an order to show cause why sanctions shall not be imposed." (Cal. Rules of Court, rule 3.110(f).) Government Code section 68608, subdivision (b) provides: "Judges shall have all the powers to impose sanctions authorized by law, including the power to dismiss actions or strike pleadings, if it appears that less severe sanctions would not be effective after taking into account the effect of previous sanctions or previous lack of compliance in the case. Judges are encouraged to impose sanctions to achieve the purposes of this article."

Here, the record does not show that Kenny served his amended complaint, which he had filed on May 20, 2013, on any of the defendants or that he filed proofs of service prior to the April 27, 2015 hearing on the OSC regarding dismissal. The trial court therefore acted within its discretion when it dismissed Kenny's action without prejudice, and we will affirm the dismissal order.[3]

## DISPOSITION

The April 27, 2015 order dismissing the action without prejudice is affirmed.

---

[3] Kenny raises other arguments in his appellate brief, but they pertain to either the demurrer or the merits of the case. There arguments are irrelevant to whether the trial court erred in dismissing the action.