Filed 1/4/22  Marriage of Goyal CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| In re Marriage of HILLARY DAWN GOYAL and PREM GOYAL. | 2d Civ. No. B306425 (Super. Ct. No. BD634487) (Los Angeles County) |
| HILLARY DAWN GOYAL, Plaintiff and Respondent, v. PREM GOYAL, Defendant and Appellant. | |

Hillary Goyal and Prem Goyal married in 1997 and divorced in 2019.  Shortly after entry of judgment, Prem requested an order modifying his stipulated monthly spousal and child support payments to zero because he had recently lost his

job.[1]  The trial court found Prem failed to show a material change in circumstances and denied his request.

Prem appeals.  We conclude there was no abuse of discretion and affirm.

FACTUAL BACKGROUND
AND PROCEDURAL HISTORY

Prem is a Certified Public Accountant specializing in corporate finance.  He held several temporary positions and consultancies over the past decade.  His expertise allowed him to demand a substantial wage for his services, but he often experienced lengthy periods of unemployment between jobs.  Nevertheless, he earned enough during the marriage to support the family after Hillary ended her full-time banking career to care for their children.

Hillary and Prem separated in 2016 and initiated dissolution proceedings.  The case was intensively litigated.  It resolved in May of 2019 with a marital settlement agreement (MSA).  At the time of the signing, Prem was employed as a consultant by LegalZoom at a monthly salary of $40,700.  Hillary's position as a non-profit development officer paid $4,375 per month.  They agreed to set Prem's spousal support payment to Hillary at $3,250 per month and child support for their son and daughter at $5,477 per month.  The MSA "provide[d] that should an issue arise with child and spousal support modification due to [Prem's] unemployment or any subsequent work contracts in the future, the Parties shall exercise reasonable efforts to initiate a Status Conference call with the Court prior to filing an RFO."  Judgment was entered in July 2019.

---

[1] We use the parties' first names for ease of reference.  No disrespect is intended.

2

Prem learned in August of 2019 that LegalZoom did not intend to extend his contract beyond September. His counsel promptly requested a status conference call with the court about modifying spousal and child support. Hillary's counsel requested Prem produce certain financial documents before the call. A dispute arose over the extent of production and Prem filed a request for order (RFO) to preserve his right to seek retroactive modifications. The conference call never took place.

The trial court heard Prem's RFO on December 16, 2019. Prem claimed he had not yet found a new position despite his best efforts. Hillary described such gaps in Prem's employment as typical. She expressed her frustration over the "merry-go-round" of support litigation caused by the intermittent nature of his work over the past few years. The trial court determined Prem had not shown a material change in circumstances and denied the RFO. He appealed.

DISCUSSION

Modifying spousal or child support requires proving a material change in circumstances since the prior order. (See *In re Marriage of McCann* (1996) 41 Cal.App.4th 978, 982 [must show increase or reduction in supporting spouse's ability to pay for supported spouse's needs]; *In re Marriage of Leonard* (2004) 119 Cal.App.4th 546, 556 (*Leonard*) [supporting parent bears burden to show "changed circumstances warrant a downward adjustment in child support rests with the supporting spouse"].) We review support-related decisions for abuse of discretion. (*In re Marriage of Shimkus* (2016) 244 Cal.App.4th 1262, 1273 (*Shimkus*); *In re Marriage of Butler & Gill* (1997) 53 Cal.App.4th 462, 465.) We conclude the court properly considered the uneven nature of Prem's employment and compensation.

Prem argues his current cash flow, not his history as an independent contractor, should figure most prominently in the court's analysis of his circumstances. (See *In re Marriage of Mosley* (2008) 165 Cal.App.4th 1375 (*Mosley*) [reversing trial court order requiring spouse to borrow money to maintain support levels, assuming he would receive discretionary year-end bonuses in the future].) However, the court was not required to focus on any one factor. (See *Shimkus*, *supra*, 244 Cal.App.4th at p. 1273 [courts must consider factors listed in section 4320 when deciding request to modify spousal support]; *Leonard, supra*, 119 Cal.App.4th at p. 556 [courts must adhere to guidelines set forth in Family Code section 4053[2] when deciding request to modify child support].) The weight assigned to each factor rested within its broad discretion. (*Shimkus*, at p. 1273.)

A spouse's earning capacity, not just actual income, may enter the equation when gauging their ability to pay. (§§ 4053, subd. (b), 4320, subd. (c).) The court properly considered Prem's work history over the past decade as evidence of his earning capacity. The record does not show the court denied the RFO only based on Prem's status as an independent professional; rather, it found the expiration of his most recent short-term contract as an event both natural to his work and anticipated by the parties. It did not foreclose a later finding that a longer period of unemployment may justify modification, or, like in *Mosley*, that Prem's obtaining a lower-salaried position in the future might alter the calculus as well.[3] The fact that Prem

---

[2] Unlabeled statutory references are to the Family Code.

[3] The parties' lack of assets and considerable debt factored into *Mosley*'s decision to reverse the trial court's order denying the supporting spouse's request to modify. In contrast, the record

4

might have to temporarily invade his separate assets to satisfy stipulated support obligations does not render the trial court's decision irrational or arbitrary. (See *Sargon Enterprises, Inc. v. University of Southern California* (2012) 55 Cal.4th 747, 773 ["A ruling that constitutes an abuse of discretion has been described as one that is 'so irrational or arbitrary that no reasonable person could agree with it'"].)

Lastly, the provisions requiring the parties to "exercise reasonable efforts to initiate a Status Conference call with the Court prior to filing an RFO" impose a procedural condition akin to a meet and confer requirement. They do not supplant or negate either party's burden to prove a material change in circumstances when seeking modification based on Prem's employment status.

CONCLUSION

The judgment is affirmed. Respondent shall recover her costs on appeal.

NOT TO BE PUBLISHED.

PERREN, J.

We concur:

YEGAN, Acting P. J.          TANGEMAN, J.

---

shows Prem's net separate assets exceeded $1 million at the time he sought modification. This fact alone could have justified the trial court's denial. (See, e.g., § 4320, subd. (e) [court considers "[t]he obligations and assets, including the separate property, of each party" in ordering spousal support].)

5

Timothy M. Weiner, Judge
Superior Court County of Los Angeles

_____

Kleeman-Kremen Family Lawyers, Ruth S. Kremen, for Plaintiff and Respondent.

MacKay & Martin, Lauren E. MacKay, for Defendant and Appellant.