Filed 2/3/26  Sonoma County Dept. of Child Support Services v. Ceja CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| SONOMA COUNTY DEPARTMENT OF CHILD SUPPORT SERVICES,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MIGUEL CEJA,<br><br>    Defendant and Appellant;<br><br>JANNA THOMAS,<br><br>    Real Party in Interest and Respondent. | A173187<br><br>(Sonoma County<br>Super. Ct. No. 24FL00261) |

At the request of the Department of Child Support Services (DCSS), the trial court ordered Miguel Ceja to pay guideline child support.  On appeal, he argues the court abused its discretion when it denied his request for a below-guideline order.  We affirm.

## BACKGROUND

Ceja and Janna Thomas have three children together.  At the time the trial court issued its child support order, the children were 14, six, and four years old.  The children spend five percent of their time with Ceja, and the remainder with Thomas.  The parents were never married, and Ceja runs his own window cleaning business.

1

In May 2024, DCSS filed a complaint and sought a guideline child support order.[1]  It alleged Ceja earned a gross monthly income of $6,550. It calculated that amount after examining his profits and losses as reflected in 2021, 2022, and 2023 tax documents.  (It subtracted his expenses from revenue in 2023 — the same as in 2022 — to arrive at $78,595 in profit. It then divided by 12, to arrive at a monthly income of $6,550 per month.)

Ceja disagreed with DCSS's request, and he instead asked the trial court to set his monthly income at $2,500 to "accommodate [his] seasonal and fluctuating income during November through April"; he also asked the court to consider his "special circumstances" — "a tax debt that is over $45,000." He stated he learned of the debt when he hired a tax person to help him prepare documents for DCSS.  He provided receipts from the Internal Revenue Service showing he made payments totaling $5,300 towards back taxes in September and October.  Handwritten notes on the receipts indicated he still owed approximately $29,000.  In December, he filed an income and expense declaration stating he owed $35,000 in past due taxes. Meanwhile, Thomas filed an income and expense declaration indicating she averaged $4,336 in monthly wages and received $3,120 in social security payments for the children.

The trial court held a hearing on December 18, and determined Ceja had a gross monthly income of $5,192 from his business.[2]  It ordered him to pay $1,812 per month in guideline child support.

---

[1] Subsequent dates refer to 2024 unless otherwise stated.

[2] While Ceja filed a motion for reconsideration, he has not appealed the trial court's denial of it.  Accordingly, we do not address that motion or the court's ruling on it.

DISCUSSION

Ceja appeals from the guideline child support order. We review child support orders for abuse of discretion. (*Haley v. Antunovich* (2022) 76 Cal.App.5th 923, 928.) We " ' "cannot substitute our judgment for that of the trial court, but only determine if any judge reasonably could have made such an order." ' " (*Ibid.*) Because there is no reporter's transcript of the December 18 hearing, we must presume the trial court made all findings necessary to support its order. (*Oliveira v. Kiesler* (2012) 206 Cal.App.4th 1349, 1362.)

First, Ceja contends the trial court erred by not deducting his tax debt from his net disposable income under Family Code section 4059 (undesignated statutory references are to this code). He forfeited the argument. To begin, he did not raise it below. (*In re S.B.* (2004) 32 Cal.4th 1287, 1293 [arguments may be forfeited when raised for first time on appeal].) Moreover, it is his burden to demonstrate that the trial court erred. (*Tanguilig v. Valdez* (2019) 36 Cal.App.5th 514, 520.) He has not offered any authority or legal reasoning indicating the Legislature intended to include tax debts in section 4059 deductions. (*Valdez*, at p. 520.)

Next, Ceja argues the trial court abused its discretion because an award of guideline child support was unjust given his tax debts. We disagree. The child support guidelines are presumptively correct. (§ 4057, subd. (a); *Mercado v. Superior Court* (2024) 106 Cal.App.5th 1143, 1155.) "That presumption may be rebutted by 'admissible evidence showing that application of the formula would be unjust or inappropriate in the particular case, consistent with the principles set forth in Section 4053.' " (*In re Marriage of de Guigne* (2002) 97 Cal.App.4th 1353, 1359.) But section 4053 provides a "parent's first and principal obligation is to support the

parent's minor children." (§ 4053, subd. (a); *In re Marriage of Kirk* (1990) 217 Cal.App.3d 597, 606.) " '[A]n indebted parent cannot escape liability for the paramount obligation to support the parent's children because of indebtedness such parent has created.' " (*Kirk*, at p. 606.) The "law does not permit" "voluntary diversion[s] of income to pay debt" if the result deprives the children of support. (*Id.* at p. 607.)

Any judge could have reasonably ordered guideline support, and the trial court did not abuse its discretion by denying Ceja's request that it depart downward. (*Haley v. Antunovich, supra*, 76 Cal.App.5th at p. 928.) Ceja created his own debt by failing to pay his taxes, and it does not entitle him to escape his duty to support his children. (*In re Marriage of Kirk, supra*, 217 Cal.App.3d at p. 606.) Further, presumed in the court's order is a finding that he was paying the debt voluntarily (rather than compulsorily), and that finding is supported by substantial evidence. (*Oliveira v. Kiesler, supra*, 206 Cal.App.4th at p. 1362.) At the time the court made the order, the only evidence before it showed that he was making sporadic payments of unequal amounts. Although we are sympathetic to the financial strain he now describes, we cannot say the court's order was arbitrary. (*Ibid*.)

The cases Ceja cites do not avail him. *In re Marriage of McQuoid* (1991) 9 Cal.App.4th at pages 1353 and 1358 and *City and County of San Francisco v. Miller* (1996) 49 Cal.App.4th at page 866 did not concern deviations from the guideline or deductions from income due to debts. (*McQuoid*, at pp. 1357–1358; *Miller*, at pp. 868–869.) He also cites *County of Lake v. Antoni* (1993) 18 Cal.App.4th 1102, 1105–1106. There, this court affirmed an order granting a downward deviation to a parent because of debt. (*Ibid*.) But there, the parent incurred the debt by providing " 'living needs' " for the children, not by failing to pay taxes. (*Id.* at pp. 1104–1105.) More

4

importantly, we are not saying a below-guideline order would have been an abuse of discretion, and we are not reviewing such an order.

Finally, Ceja argues the trial court erred when it failed to make an adjustment to account for his seasonal and fluctuating income. Not so. (*Oliveira v. Kiesler*, *supra*, 206 Cal.App.4th at p. 1362.) DCSS calculated his income by examining his profits and losses from 2021, 2022, and 2023. Subtracting expenses from revenue, DCSS concluded he made $78,595 in profit during 2023. Dividing that number by 12, it arrived at an average monthly income of $6,550. And the court used an *even lower* income — $5,192 per month. Given that the court used an income that was lower than his average monthly income for 2023 — which in turn was based on his actual income for the last several years — the court adequately accounted for his seasonal and fluctuating income. (*Ibid.*) And if Ceja's business did worse after 2023, he was free to seek a modification of child support due to the change in circumstances. (*In re Marriage of Leonard* (2004) 119 Cal.App.4th 546, 556.)

## DISPOSITION

The judgment is affirmed. In the interests of justice, each party shall bear their own costs. (Cal. Rules of Court, rule 8.278(a)(5).)

_____

RODRÍGUEZ, J.


WE CONCUR:


_____

FUJISAKI, Acting P. J.


_____

PETROU, J.


A173187; *Sonoma Cty. Dept. of Child Support Services v. Ceja*