[No. A083926. First Dist., Div. Four. Sept. 27, 1999.]

CITY AND COUNTY OF SAN FRANCISCO, Plaintiff and Appellant, v. EMMANUEL FUNCHES, Defendant and Respondent.

**COUNSEL**

Bill Lockyer, Attorney General, Roderick E. Walston, Chief Assistant Attorney General, Carol Ann White and Mary A. Roth, Deputy Attorneys General, for Plaintiff and Appellant.

Emmanuel Funches, in pro. per., for Defendant and Respondent.

**OPINION**

**POCHÉ, J.**—The City and County of San Francisco (hereafter City) appeals from an order requiring Emmanuel Funches to pay retroactive child support in an amount less than the presumptively correct amount under Family Code sections 4053, subdivision (k), and 4057, subdivisions (a) and (b).

*Background*

Respondent has not filed a brief on appeal. Therefore we accept the factual recitation of the opening brief on appeal, but apply the rule that the

City must affirmatively demonstrate prejudicial error. (Cal. Rules of Court, rule 17(b); *County of Lake* v. *Antoni* (1993) 18 Cal.App.4th 1102, 1104 [22 Cal.Rptr.2d 804].)

The child in question is Decina, born September 1, 1982. On September 19, 1997, the City filed a complaint seeking a determination of paternity, a monthly award of $361 in child support, an award of $12,996 in retroactive support, and health insurance enrollment. Respondent admitted paternity, but opposed the amount of the support sought by the City.

The retroactive support sought by the City was as reimbursement for the preceding three years of care Decina had received at public expense. At the hearing held on June 9, 1998, respondent testified that he takes Decina out of her group home for visitation with him on weekends, and the court concluded that he was entitled to a visitation credit of 29 percent. Based upon his gross monthly income of $1,679 as a maintenance worker for the City of East Palo Alto, the court fixed his current monthly support for Decina at the guideline amount of $281. However, as to the $12,645 in retroactive support owed through the end of June 1998 when the hearing was held, the commissioner found that that sum plus accruing interest would be so large an amount as to be "detrimental to your child." Accordingly she reduced the retroactive support award to $5,000 and ordered it be paid in monthly installments of $100. The court also ordered respondent to provide health insurance coverage for Decina. City filed a timely notice of appeal.

## *Discussion*

On appeal the City contends the commissioner abused her discretion in reducing the amount of retroactive support sought by the City of $12,645 by $7,645. Abuse of discretion is the appropriate standard of review. (*County of Stanislaus* v. *Gibbs* (1997) 59 Cal.App.4th 1417, 1420 [69 Cal.Rptr.2d 819].)

If public assistance is provided for a child as a consequence of separation from or desertion by the parent, the parent is obligated to the county for sums equivalent to those the parent would otherwise be obligated to provide in child support under the state guidelines for such awards. (Welf. & Inst. Code, § 11350; Fam. Code, § 4055.) Sums that may be collected by the county for unpaid amounts or arrearages through a recoupment action of this sort are subject to a three-year statute of limitations. (Code Civ. Proc., § 338, subd. (a); *City and County of San Francisco* v. *Thompson* (1985) 172 Cal.App.3d 652, 659 [218 Cal.Rptr. 445].)

In determining the correct amount of a current child support award, or support arrearage the provisions of Family Code section 4057 relating to the state child support guidelines come into play. (Welf. & Inst. Code, § 903, subd. (c)(4).) Family Code section 4057 establishes a rebuttable presumption that the appropriate level of support is that established by the guidelines; the presumption may be rebutted by evidence that the guideline amount is "unjust or inappropriate due to special circumstances in the particular case" based upon a showing beyond a preponderance of the evidence of certain enumerated factors which include that "[a]pplication of the formula would be unjust or inappropriate due to special circumstances in the particular case." (Fam. Code, § 4057, subd. (b)(5); *City and County of San Francisco* v. *Miller* (1996) 49 Cal.App.4th 866, 869 [56 Cal.Rptr.2d 887].)

The trial court has discretion to find special circumstances based upon the facts before it which make application of the guideline formula unjust. (*County of Stanislaus* v. *Gibbs, supra,* 59 Cal.App.4th 1417, 1424-1425.) Should it find special circumstances and reduce the guideline amount it is required to either state in writing or on the record the amount set under the guideline formula, the reasons the support ordered is in a different amount, and the reason the amount ordered is in the best interests of the child. (Fam. Code, §§ 4057, subd. (b) & 4056, subd. (a)(1)-(3).)

The City maintains that the court impermissibly made an arbitrary reduction both of the support award and in the arrearages to below the guideline amount and that the reduction was unrelated to the best interests of Decina who "will remain in the high-cost foster care placement for as long as necessary, or until she emancipates, regardless of what her father contributes."

From our review of the record the current support order of $281 per month was the amount set under the guidelines, once the court factored into the support equation the fact that Decina was spending weekends with her father. The only evidence before the court established that she was currently spending two days a week in his care, which the court found entitled defendant to a 29 percent reduction. An award of the guideline amount carries a presumption of correctness. We perceive no possible abuse of discretion in setting the current support award at the guideline amount of $281 per month.

The City, in reliance upon comments by the commissioner about the amount of the arrearages that would be interest, argues that because the

commissioner misunderstood the way interest would accrue she also improperly reduced the arrearage amount. At the hearing the commissioner expressed dissatisfaction over how long the City had waited before seeking recoupment from defendant. The court calculated that as of the date of the hearing defendant owed some $12,645.00 in arrearages and stated "the amount of interest that will be accumulating on that each and every month will be $105.00 plus some change." Having made that calculation the commissioner then reduced that sum to "$5,000 because to require that you pay $12,645.00 would be detrimental to your child . . . . [¶] I know that the $5,000 will still be a hardship for you . . . . [¶] The interest on the $5,000 per month will be approximately $42.00. So what I am going to order is that . . . . you will pay an additional $100.00 as back child support. [¶] That means you will be paying on the principal approximately $58.00 each month. . . . [¶] And hopefully sometime before your child gets married and has her first child you will have paid it all off." Defendant then assured the court that "If I can borrow that $5,000 on my house, that will be paid off." To that the court responded: "That would be your best bet, and you will be getting a smaller interest [rate] on that too."

Whether or not the court was correct as to how the interest was computed as to each of the payments defendant would have made on the $12,645 arrearage sought, we read the court's comments to be a concern that because Decina was then almost 16 years old, it would be unjust, because of the City's delay in seeking recoupment, for defendant's obligation for past support to be a financial burden he would bear for many years into the future. Moreover, in light of defendant's present efforts to reunify with Decina the court found that it would not be in Decina's best interests to impose the greater obligation upon him.

Defendant's net disposable income per month was $1,226 and the court's order resulted in garnishment from his monthly pay check of $381 for the combined support awards and for withholding of an unspecified sum to pay for Decina's health insurance coverage. Quite apart from any sympathy the commissioner may have felt for defendant, such an award of at least one-third of defendant's net monthly income is consistent with a concern for defendant's actual financial situation and its impact upon his ongoing ability to care for Decina. We cannot say that the commissioner abused her discretion in reducing the arrearage to $5,000 with interest to accrue on the entire principal at the legal rate.

The judgment is affirmed.

Hanlon, P. J., and Reardon, J., concurred.