Filed 2/5/14  C.R. v. R.F. CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| C.R., | D063732 |
| Respondent, | |
| v. | (Super. Ct. No. DS46436) |
| R.F., | |
| Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Roderick W. Shelton, Judge.  Affirmed.

R.F., in pro. per., for Appellant, R.F.

C.R., in pro. per., for Respondent, C.R.

I.

INTRODUCTION

R.F., appearing in propria persona, appeals from a final order of the trial court awarding sole legal and primary physical custody of his son E.F to the child's mother,

respondent C.R.[1]  The court's order grants R.F. supervised visits with E.F. on alternating Sunday afternoons, and orders him to participate in conjoint therapy with the child.

R.F. asserts that in granting C.R. sole legal and primary physical custody, the trial court erred in rejecting R.F.'s contention that C.R. purposely harmed E.F. when the child fell off of a bed one night when he was approximately four months old.

We conclude that R.F. has failed to demonstrate that there is insufficient evidence to support the trial court's factual determinations, or that the trial court otherwise erred or abused its discretion with respect to its custody order.  We therefore affirm the trial court's order.

## II.

## FACTUAL AND PROCEDURAL BACKGROUND

The record on appeal is extremely limited.  As a result, the factual and procedural background will necessarily be brief.

E.F. was born on February 3, 2011.  When E.F. was approximately eight months old, C.R., appearing in propia persona in the trial court, filed a petition to establish a parental relationship between R.F. and E.F., and for orders regarding custody and visitation.

It appears that the trial court entered a temporary custody and visitation schedule at some point, because the record contains evidence that R.F. had approximately five

---

[1]     C.R. did not file a responsive brief in this appeal.

supervised visits with E.F. between March 2012 and August 1, 2012, the date on which the first of multiple hearings regarding permanent custody and visitation occurred.

The court held a hearing on August 1, 2012, at which time the court permitted each of the parties to testify, and allowed them to ask questions of each other. At that hearing, the trial court appointed counsel for E.F. and continued the hearing for a week to allow the child's attorney to meet with each of the parties and discuss the matter with the court. Although the record does not contain a transcript of the August 7 proceedings, it appears that on that date the court again continued the hearing, to August 28, 2012. On August 28, the court heard from the attorney appointed to represent E.F. E.F.'s attorney informed the court that she had concerns about granting R.F. unsupervised visits with E.F., at least until R.F. underwent a full psychological evaluation. The trial court heard from both parties again, as well. At the conclusion of the hearing, the court ordered both R.F. and C.R. to undergo psychological examinations and continued the hearing to a date in December 2012. The record does not contain a transcript or minute order arising out of the December 2012 hearing.

The record does contain a copy of a minute order pertaining to a March 19, 2013 hearing.[2] In that order, the trial court marked a box indicating that the court was awarding C.R. "sole legal" custody of E.F., and marked another box indicating that it was also awarding C.R. "primary" physical custody of E.F. The minute order further indicates that the trial court denied R.F.'s request for unsupervised visitation with E.F.,

---

[2]     The record does not contain a transcript of this proceeding.

3

but granted R.F. supervised visits on alternating Sundays between 1:00 p.m. and 6:00 p.m.  The court also ordered "conjoint therapy" to occur, presumably for R.F. and E.F.[3]

R.F. filed a timely notice of appeal from the trial court's March 19, 2013 order.

III.

DISCUSSION

R.F. takes issue with the trial court's decision to award C.R. sole legal and primary physical custody of E.F.  He contends that "some crucial factors that have already been discussed above [in his appellate brief] were overlooked during the judgment," apparently referring to an incident in which E.F. fell off of a bed and hit his head while he was in the bedroom with C.R., when he was approximately four months old.  R.F.'s argument appears to be that the trial court erred in rejecting R.F.'s contention that C.R. purposely harmed the child during that incident.  He suggests that C.R. was being dishonest when she described the event to the trial court, and contends that the trial court should not have awarded C.R. sole legal and primary physical custody of E.F. because this incident establishes that she purposely harmed the child, and therefore, is guilty of child abuse.

In making this argument, R.F. essentially attempts to reargue on appeal the facts concerning what happened on the evening of the incident.  However, "our role as an appellate court is not to make different findings of facts or second-guess the trier of fact,"

_____

[3]     The court's minute order does not specify the parties to which the "conjoint therapy" order is to apply.  However, the order also refers to the therapist deciding the "number of visits and whether or not the half sister can attend," indicating that the court was referring to conjoint therapy between R.F. and E.F.

which in this case was the trial court. (*In re Michael D.* (2002) 100 Cal.App.4th 115, 126.) "We only determine whether there is substantial evidence supporting the conclusion of the trier of fact." (*Id.* at pp. 126-127.) The evidence in this case demonstrates that C.R. has had primary physical custody of E.F. since his birth, and the record is devoid of any evidence that she has engaged in physical or emotional abuse of the child during that time.

With respect to the specific incident to which R.F. refers in his briefing—i.e., the child's falling off of a bed one night when he was approximately four months old—the trial court heard R.F.'s arguments and evidence, and also heard from C.R. regarding that event. The trial court was free to find C.R.'s version of what occurred to be credible, including her denial that she purposely pushed her son off of the bed. Again, it is not the place of an appellate court to weigh the credibility of witnesses or to make new factual determinations. (See *People v. Lashley* (1991) 1 Cal.App.4th 938, 946.) "[I]t would distort the process if this court, reading a 'cold' record, substituted its judgment for that of the trier of fact who saw and heard the live witnesses. Our role is to determine the legal sufficiency of the found facts and not to second guess the reasoning or wisdom of the fact finder." (*Ibid.*)

We conclude that the record provides ample evidence to support the trial court's factual conclusions with respect to its custody determination.

R.F. has identified no legal error or abuse of discretion that would justify reversing the trial court's custody order. (See *City and County of San Francisco v. Funches* (1999) 75 Cal.App.4th 243, 244-245 [appellant bears burden of affirmatively showing

prejudicial error]). " 'We therefore heed "the well admonished rule of appellate review which finds a presumption that the court performed its duties in a regular and correct manner absent a clear showing to the contrary." [Citation.]' " (*In re Marriage of Smith* (1990) 225 Cal.App.3d 469, 494 .)

## IV.

## DISPOSITION

The March 19, 2013 order of the trial court is affirmed.

_____

AARON, J.

WE CONCUR:


_____

O'ROURKE, Acting P. J.


_____

IRION, J.