Filed 2/24/14  Staples v. Bailey CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| TRINA STAPLES, | D063164 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. DVN20439) |
| DIANNA BAILEY, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Martin W. Staven, Judge.  Affirmed.

Dianna Bailey, in pro. per. for Defendant and Appellant

Trina Staples, in pro. per., for Plaintiff and Respondent

## I.

## INTRODUCTION

Appellant Dianna Bailey, proceeding in propia persona, appeals from an order of the trial court restraining her from contacting and/or harassing respondent Trina Staples.[1] Bailey contends that the issuance of the restraining order was "unjust," apparently because, she maintains, the order was based on a number of "fabrications" made by Staples in her declaration in support of Staples's request for a restraining order.

We conclude that Bailey has failed to meet her burden on appeal to set forth a cognizable legal argument demonstrating how the trial court erred, and has also failed to provide an adequate record to permit meaningful appellate review. We therefore affirm the order of the trial court.

## II.

## FACTUAL AND PROCEDURAL BACKGROUND

The record presented in this appeal is extremely limited. As a result, the factual and procedural background will necessarily be brief.[2]

---

[1]     Staples also appears in propria persona in these appellate proceedings.

[2]     The record of the proceedings in the trial court consists of a clerk's transcript, which contains a total of five documents that were filed in the trial court: (1) a copy of the temporary restraining order, dated September 21, 2012; (2) a copy of the permanent restraining order, dated October 12, 2012; (3) a copy of the notice of appeal, dated December 12, 2012; (4) a copy of "Appellant's Notice Designating Record on Appeal," dated January 18, 2013; and (5) a copy of "Respondent's Notice Designating Record on Appeal," dated February 4, 2013. These documents establish that if not for *Staples's* request to include some of the documents in the record on appeal, *no* documents from the trial court proceedings would have been included in the clerk's transcript.

Staples, appearing in propia persona in the trial court, sought a domestic violence restraining order against Bailey, her ex-girlfriend, on September 21, 2012. Although these facts are not found in the record on appeal, both parties appear to agree in their briefing on appeal that they were engaged in a romantic relationship over approximately a five-year period, and that at the time Staples sought the restraining order, their romantic relationship had ended.

In response to Staples's request, the trial court issued a temporary restraining order which prohibited Bailey from, among other things, harassing, threatening, stalking, or contacting Staples, or trying to find Staples's address. The order also required Bailey to stay at least 100 feet away from Staples, Staples's home, workplace, vehicle, and/or school.

The hearing on the request for a permanent restraining order was set for October 12, 2012. At the conclusion of the hearing, the trial court granted a permanent restraining order, which is in effect until October 11, 2017.[3] The permanent order prohibits Bailey from doing the same things identified in the temporary restraining order.

Bailey filed a notice of appeal from the permanent restraining order on December 12, 2012.

---

[3] Bailey concedes in briefing that she did not appear at the hearing on October 12, 2012.

III.

DISCUSSION

On appeal, Bailey contends that Staples made false statements about Bailey in support of the request for a restraining order. Bailey requests that this court "remove the restraining order that was put in place on 10/12/12 because there has never been any history of domestic violence the whole 7 years [the parties] have known each other . . . ."

An " 'order of a lower court is presumed to be correct on appeal, and all intendments and presumptions are indulged in favor of its correctness.' [Citation.]" (*Schnabel v. Superior Court* (1993) 5 Cal.4th 704, 718.) An appellant has the burden of affirmatively showing prejudicial error (*City and County of San Francisco v. Funches* (1999) 75 Cal.App.4th 243, 244-245) and of ensuring that an adequate record exists for review (*In re Kathy P.* (1979) 25 Cal.3d 91, 102). The presumption of correctness also imposes a burden on the appellant to present argument and authority on each point; otherwise, the point is deemed abandoned. (*In re Sade C.* (1996) 13 Cal.4th 952, 994.) An appellate court is not required to discuss or consider points that are not adequately presented. (*Kim v. Sumitomo Bank* (1993) 17 Cal.App.4th 974, 979.) In addition, the fact that an appellant proceeds in propia persona does not alter these standards, as "[p]ro. per. litigants are held to the same standards as attorneys." (*Kobayashi v. Superior Court* (2009) 175 Cal.App.4th 536, 543.)

Bailey has stated no identifiable legal issue, nor has she supported any issue that she raises in her brief with a cognizable legal argument. In her briefing on appeal, Bailey fails to make any legal arguments to support any theory of error. Without such a

4

showing, we must resolve the appeal against her (*Hernandez v. California Hospital Medical Center* (2000) 78 Cal.App.4th 498, 502).

In addition, as our statement of the factual background of this case suggests, it is not at all clear what occurred in the proceedings in the trial court.  The extremely limited record presented on appeal is wholly inadequate to permit us to conduct any meaningful review.  Thus, although Bailey suggests that the allegations supporting the restraining order were false, and specifically asserts that Staples's "entire declaration was full of fabrications," we have no way of assessing the facts on which the trial court relied because the record does not contain the declaration or other supporting documentation that Staples presented to the trial court.  It is incumbent on the appellant to provide an adequate record for the appellate court to review.  Bailey's failure to do so requires that any issue be resolved against her.  (See *Hotels Nevada v. L.A. Pacific Center, Inc*. (2012) 203 Cal.App.4th 336, 348.)  For this reason, as well, we must affirm the trial court's order.  (See *ibid*.)

IV.

DISPOSITION

The order of the trial court is affirmed.  Respondent is entitled to costs on appeal.


_____
AARON, J.


WE CONCUR:


_____
BENKE, Acting P. J.


_____
HUFFMAN, J.

6