Filed 11/17/15  Prikupets v. Prikupets CA1/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| IRINA PRIKUPETS,<br><br>        Respondent,<br><br>v.<br><br>VLADIMIR PRIKUPETS,<br><br>        Appellant. | A144470<br><br>(San Francisco County<br>Super. Ct. No. FDV-13-810575) |

Appellant Vladimir Prikupets appeals from a renewed restraining order issued after a hearing in a domestic violence prevention case initiated by respondent Irina Prikupets.  Because appellant has not met his burden of establishing reversible error, we will affirm the order.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On October 24, 2013, respondent filed a request for a domestic violence restraining order[1] against appellant.  At the time, respondent was 77 years old and appellant was 81 years old.  Although the parties reportedly had divorced in Russia in 1975, they both resided with their adult daughter and her husband.  In her petition, respondent alleged appellant had yelled and threatened her and their daughter.  According to respondent, the police had twice been called to the home following his outbursts.  On the second occasion, he was placed on an involuntary psychiatric hold and taken to a

---

[1]  See Family Code section 6200 et seq.

hospital. Respondent and her daughter's family were also given an emergency protective order.

On October 25, 2013, the trial court issued a temporary restraining order. Appellant was ordered to move out of the family residence.

On November 8, 2013, appellant filed a response to the request for the restraining order.

On February 26, 2014, after multiple continuances, the trial court granted a restraining order. The order was set to expire on February 26, 2015.

On January 2, 2015, respondent filed a request to renew the restraining order. In her request, she alleged appellant had violated the restraining order many times by telephoning her and her daughter, and by coming to the home and leaving objects on her doorstep with written messages that were hurtful and upsetting.

On January 21, 2015, the trial court granted a two-year restraining order against appellant. This appeal followed.

**DISCUSSION**

Appellant's opening brief, entitled "America—USA—Fashist [*sic*] Country Gestapo," consists solely of a one-page "Statment [*sic*] of the case." Without providing any citations to the appellate record, he asserts respondent and their daughter had falsely accused him of abusing drugs and alcohol, and of being mentally ill. The brief does not specify any error on the part of the trial court. His reply brief does reference the alleged incidents that occurred around October 2013, but fails to address the events leading to the trial court's issuance of the renewed restraining order.

An " 'order of a lower court is presumed to be correct on appeal, and all intendments and presumptions are indulged in favor of its correctness.' " (*Schnabel v. Superior Court* (1993) 5 Cal.4th 704, 718.) An appellant has the burden of affirmatively showing prejudicial error (*City and County of San Francisco v. Funches* (1999) 75 Cal.App.4th 243, 244–245) and of ensuring that an adequate record exists for review (*In re Kathy P.* (1979) 25 Cal.3d 91, 102). The presumption of correctness also imposes a burden on the appellant to present argument and authority on each point; otherwise, the

2

point is deemed abandoned.  (*In re Sade C.* (1996) 13 Cal.4th 952, 994.)  An appellate court is not required to discuss or consider points that are not adequately presented.  (*Kim v. Sumitomo Bank* (1993) 17 Cal.App.4th 974, 979.)  In addition, the fact that an appellant proceeds in propria persona does not alter these standards, as "[p]ro. per. litigants are held to the same standards as attorneys."  (*Kobayashi v. Superior Court* (2009) 175 Cal.App.4th 536, 543.)

In addition to failing to address the circumstances leading to the January 21, 2015 order, appellant has stated no identifiable legal issue, nor has he supported any contentions that he raises in his briefs with a cognizable legal argument.  In his briefing on appeal, he fails to make any legal arguments to support any theory of error.  Without such a showing, we must resolve the appeal against him (*Hernandez v. California Hospital Medical Center* (2000) 78 Cal.App.4th 498, 502).

In rejecting his challenges to the trial court's order, we are mindful that appellant represents himself.  Self-representation, however, does not allow an appellant to avoid the obligation to make an affirmative showing of error.  Our Supreme Court has "ma[d]e clear that mere self-representation is not a ground for exceptionally lenient treatment. Except when a particular rule provides otherwise, the rules of civil procedure must apply equally to parties represented by counsel and those who forgo attorney representation." (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 984–985.)  Courts of Appeal have similarly held:  " 'When a litigant is appearing in propria persona, he is entitled to the same, but no greater, consideration than other litigants and attorneys. . . .  Further, the in propria persona litigant is held to the same restrictive rules of procedure as an attorney.' " (*Bianco v. California Highway Patrol* (1994) 24 Cal.App.4th 1113, 1125–1126; accord, *County of Orange v. Smith* (2005) 132 Cal.App.4th 1434, 1444; *Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246–1247.)  Thus, since appellant did not comply with the rules requiring all appellants to state a cogent legal argument supported by authority, he has forfeited any claims of error.

## DISPOSITION

The order is affirmed.

_____
DONDERO, J.

We concur:

_____
HUMES, P.J.

_____
MARGULIES, J.

A144470

4