Filed 7/14/16  Van v. Cameron CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| KELLY VAN,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>JAMES CAMERON et al.,<br><br>    Defendants and Respondents. | D068630<br><br><br>(Super. Ct. No. 37-2015-00001677-CU-FR-CTL) |

APPEAL from orders of the Superior Court of San Diego County,

Joel R. Wohlfeil, Judge.  Affirmed.

Kelly Van, in pro. per., for Plaintiff and Appellant.

Mitchell Silberberg & Knupp, Richard B. Sheldon, Jr. and Grant F. Goeckner-

Zoeller for Defendants and Respondents.

I.

INTRODUCTION

Acting in propria persona, Kelly Van, filed this lawsuit against respondents James

Cameron, Twentieth Century Fox Film Corp. (Twentieth Century Fox), Lightstorm

Entertainment, Inc. (Lightstorm), Mitchell Silberberg & Knupp LLP (MSK), and Robert H. Rotstein, a Professional Corporation Inc. (Rotstein). Van's complaint alleged a breach of contract claim as well as numerous fraud related claims. Although difficult to understand, Van's complaint appears to be premised on Van's contentions that respondents made fraudulent statements in an attempt to settle Van's claim that the 2009 film "Avatar" infringed on a book that she authored entitled, "Sheila the Warrior; the Damned," and that respondents committed fraud in connection with a prior federal action for copyright infringement, leading to the dismissal of that action.

Respondents filed a special motion to strike pursuant to the anti-SLAPP statute (Code of Civ. Proc., § 425.16)[1] (anti-SLAPP motion). The trial court granted the motion and struck Van's complaint in its entirety. The trial court subsequently denied Van's motion to vacate the court's order granting the anti-SLAPP motion and granted in part Cameron, Twentieth Century Fox, and Lightstorm's motion for attorney fees,[2] awarding these respondents attorney fees in the amount of $24,815.75.[3]

Van appeals from the trial court's order granting respondents' anti-SLAPP motion, and the order denying her motion to vacate and awarding attorney's fees. We reject Van's claims and affirm the orders.

---

[1] "SLAPP" stands for Strategic Lawsuit Against Public Participation. (See *Equilon Enterprises v. Consumer Cause, Inc.* (2002) 29 Cal.4th 53, 57.)
Unless otherwise specified, all subsequent statutory references are to the Code of Civil Procedure.

[2] The motion for attorney fees is not in the record.

[3] Respondents state that "MSK and Rotstein did not join in this motion because there is no entitlement to attorney fees where the successful defendant is a self-represented attorney."

II.

FACTUAL AND PROCEDURAL BACKGROUND

A. *Van's complaint*

In January 2015, Van filed a 66-page complaint against respondents that combined a form complaint with a lengthy narrative complaint.[4] Van brought a claim for breach of contract as well as numerous fraud related claims that she referred to as, "Fraud 3294(b), (c)(3), 3295, 1572, 1710, 1900, 1709, Cal. Civ. Rule 60 (b)."

In the form portion of the complaint, Van claims that respondents committed an intentional or negligent misrepresentation by making a "promise to pay [Van] with regards to her cease and desist demand of at least 500,000.00 plus one half percent of total box office revenue in monthly royalties . . . ." Van also claimed that in order "[t]o cover up their bad faith dealings in reneging on payment, [respondents] concealed oral contract [*sic*] with [Van], prepared fictitious evidence regarding a 'scriptment', prepared fraudulent motion and submitted all to court."

In the narrative portion of the complaint, Van contends that respondents made numerous fraudulent statements in connection with an attempt to settle Van's claim that Avatar infringed on the copyright to her book. For example, Van contends, "[Respondents] defrauded [Van] by telling her to wait for payment, never intending to pay her." Van also claims that when she attempted to prosecute her copyright

---

4       Van also attached numerous exhibits to her complaint.

infringement claim in a lawsuit brought in federal court, respondents committed various "fraudulent acts" that resulted in respondents prevailing in the action.

B. *Respondents' anti-SLAPP motion*

Respondents filed an anti-SLAPP motion in which they contended that the claims in Van's complaint all related to "[respondents'] alleged acts in direct response to [Van's] cease and desist letter, and acts in anticipation of, or in connection with, [the prior federal action]." Respondents further argued that Van would be unable to establish a probability of prevailing on any of her breach of contract claims because there was no contract, and that she would be unable to demonstrate a probability of prevailing on her fraud claims because she would be unable to produce any evidence of fraud. In addition, as to both the breach of contract claims and the fraud claims, respondents argued that Van would be unable to establish a probability of prevailing because the claims were barred by res judicata and collateral estoppel as well as by the statute of limitations.

C. *Van's opposition to the anti-SLAPP motion*

In her opposition to respondents' anti-SLAPP motion, Van asserted, "There is no freedom of speech law that legalizes (i) submitting fraudulent motions to Court, (ii) defrauding the plaintiff and (iii) breach of oral contract, (iv) fraud upon the Court."

Van also argued that the present action was not barred under the doctrine of res judicata because this case was "dissimilar to the copyright infringement case." Specifically, Van argued that this case was based on various actions taken by respondents in the federal case including, "[f]raudulently allowing case to go to Court," and "admittedly submitting fraudulent motion for taking judicial notice for the same evidence

4

while masquerading it as different evidence as their motion does not reference the word 'duplicate.' "

Van claimed that she had "evidence supporting a prima facie case and will win if the Court allows her to present her case to a jury." Van also claimed that no applicable statute of limitations barred her claim because Van "discovered her new evidence exposing the fraud . . . in June of 2014."

D. *The trial court's order granting respondents' motion*

After receiving further briefing, and holding a hearing, the trial court granted respondents' anti-SLAPP motion on April 20. The trial court observed that the anti-SLAPP statute has been construed to apply to claims that are based on statements made "in connection with" litigation. (Quoting *Neville v. Chudacoff* (2008) 160 Cal.App.4th 1255, 1266 (*Neville*).) While noting that Van's complaint "contains rambling allegations that are difficult to understand," the court stated that all of Van's claims appeared to be based on respondents' litigation activity related to a copyright infringement claim that Van had previously brought against several of the respondents.[5] The court concluded that Van's claims arose from respondents' conduct in furtherance of their constitutional right to petition under the anti-SLAPP statute. The trial court further concluded that Van had failed to establish a probability of prevailing on any of her claims because she had not "provide[d] any admissible evidence demonstrating fraud, or the existence of an enforceable oral agreement."

---

[5] MSK and Rotstein represented Cameron, Twentieth Century Fox and Lightstorm in the federal action.

E. *Van's motion to vacate*

On May 4, 2015, Van filed a motion to vacate the trial court's order granting respondents' anti-SLAPP motion. Respondents filed an opposition to this motion, as well as to several other similar motions that Van had filed.[6]

F. *The trial court's order denying the motion to vacate and awarding attorney fees*

On June 29, 2015, the trial court entered an order denying Van's motion to vacate its order granting respondents' anti-SLAPP motion. The June 29 order also awarded Cameron, Twentieth Century Fox, and Lightstorm attorney fees in the amount of $24,815.75.[7]

G. *Van's appeal*

As discussed in greater detail in part III.A., *post*, Van appeals from the trial court's April 20 order granting respondents' anti-SLAPP motion and the court's June 29 order denying her motion to vacate that order and awarding Cameron, Twentieth Century Fox, and Lightstorm attorney fees.

III.

DISCUSSION

A. *This court has appellate jurisdiction to consider Van's claims*

Respondents claim that this court lacks jurisdiction to consider Van's claims because she has not properly appealed from any appealable order or final judgment.

---

[6] Van filed several other motions challenging the April 20 order, the significance of which is unclear from her briefing on appeal.

[7] As noted in part I., *ante*, the motion for attorney fees is not in the record on appeal.

6

### 1. *Relevant procedural background*

On April 17, 2015, the trial court held a hearing on respondents' anti-SLAPP motion. The court entered an order granting the motion on April 20. The trial court entered an order on June 29 denying Van's motion to vacate and awarding attorney fees to Cameron, Twentieth Century Fox, and Lightstorm.

Van's July 24, 2015 notice of appeal states that she is appealing from orders entered on "6/26/2015, 4/17/2015" and "[a]ll Minute Orders for 4/17/15 and 6/29/2015 newly discovered evidence Minute order for 6/26/2015." In addition, Van attached the June 29 order to the notice of appeal.

### 2. *Respondents' jurisdictional claims*

Respondents contend that this court lacks jurisdiction to consider Van's appeal insofar as she intends to raise claims based on the April 20 order granting respondents' anti-SLAPP motion, because the notice of appeal does not expressly refer to the April 20 order. Respondents also claim that this court lacks jurisdiction to consider any appeal from the June 29 order insofar as Van's claims pertain to the court's denial of her motion to vacate. Finally, respondents claim that Van's appeal from the June 29 attorney fee order is premature because no final judgment has been entered in the case.

### 3. *Governing law*

"We liberally construe a notice of appeal to implement the strong public policy favoring the hearing of appeals on their merits." (*In re F.A.* (2015) 241 Cal.App.4th 107, 117, fn. 7.) A notice of appeal is to be liberally construed in favor of its sufficiency, "so as to protect the right to appeal if it is reasonably clear what appellant was trying to

7

appeal from, and where the respondent could not possibly have been misled or prejudiced." (*Luz v. Lopes* (1960) 55 Cal.2d 54, 59.)

4. *This court has jurisdiction to consider Van's claims*

a. *We construe Van's notice of appeal as an appeal from the court's order granting respondents' anti-SLAPP motion*

It is well established that an order granting an anti-SLAPP Motion is appealable. (§ 904.1, subd. (a)(13).) While Van's notice of appeal does not expressly refer to the date on which the court granted respondents' anti-SLAPP motion (April 20), the notice of appeal does refer to the date of the hearing on the anti-SLAPP motion (April 17), and expressly references, and attaches, the court's June 29 order denying Van's motion to vacate the trial court's order granting the anti-SLAPP motion. Under these circumstances, and seeing no possible prejudice to the respondents, we construe the notice of appeal liberally as raising a valid appeal from the April 20 order granting respondents' anti-SLAPP motion.

b. *Van may raise claims pertaining to the trial court's order denying her "motion to vacate" as an appeal from an order denying a motion for reconsideration*

In her motion to vacate, Van requested that the court "vacate its ruling [on the anti-SLAPP motion] in [respondents'] favor." Although styled as a "motion to vacate," Van's motion may be construed as a motion for reconsideration (§ 1008, subd. (a)) of the trial court's order granting respondents' anti-SLAPP motion. (*Ibid.* [permitting a party to file a motion requesting that a court "reconsider the matter and modify, amend, or revoke the prior order"].)

8

Section 1008, subdivision (g) describes the circumstances under which a motion for reconsideration is appealable:

> "An order denying a motion for reconsideration made pursuant to subdivision (a) is not separately appealable. However, if the order that was the subject of a motion for reconsideration is appealable, the denial of the motion for reconsideration is reviewable as part of an appeal from that order."

The order that was the subject of Van's motion for reconsideration was an appealable order granting respondents' anti-SLAPP motion. Thus, the denial of Van's motion for reconsideration is reviewable as part of Van's appeal from the trial court's order granting the anti-SLAPP motion. (§ 1008, subd. (g).)

> c. *Van may appeal from the trial court's June 29 order granting attorney fees under the anti-SLAPP statute pursuant to the collateral order exception to the one final judgment rule*

Although an order awarding attorney fees pursuant to the anti-SLAPP statute is not statutorily appealable pursuant to section 904.1 (see *City of Colton v. Singletary* (2012) 206 Cal.App.4th 751, 781 (*City of Colton*), such an order may be appealable pursuant to the collateral order exception to the one final judgment rule. (*Ibid.*) The *City of Colton* court explained the collateral order exception as follows:

> " 'Where the trial court's ruling on a collateral issue "is substantially the same as a final judgment in an independent proceeding" [citation], in that it leaves the court no further action to take on "a matter which . . . is severable from the general subject of the litigation" [citation], an appeal will lie from that collateral order even though other matters in the case remain to be determined. [Citation.] . . . [¶] In determining whether an order is collateral, "the test is whether an order is 'important and essential to the correct determination of the main issue.' If the order is 'a necessary step to that end,' it is not collateral. [Citations.]" [Citation.]' [Citation.] Generally, in order for the collateral order to be appealable, the order

9

' "must direct the payment of money by appellant or the performance of an act by or against him." ' " (*Ibid.*)

The *City of Colton* court also explained that an award of attorney fees under the anti-SLAPP is appealable pursuant to the collateral order exception:

> "Since the attorney fee award is associated with the anti-SLAPP statute it has little to do with the main causes of action in the case; rather, it is an ancillary issue growing out of the anti-SLAPP motion. Further, the attorney fee order directs the appellant to pay money to the respondent, which is an important consideration in determining if an order meets the collateral order exception. Thus, since the attorney fee order is (1) independent of the main causes of action, and (2) involves the payment of money by the appellant, we conclude it qualifies for the collateral order exception, and is directly appealable." (*City of Colton*, *supra*, 206 Cal.App.4th at pp. 781-782.)

In this case, as in *City of Colton*, the trial court's June 29, 2015 anti-SLAPP attorney fee order meets all of the requirements of the collateral order exception, and thus the order is appealable.

B. *The trial court did not err in granting respondents' anti-SLAPP motion*

Van claims that the trial court erred in granting respondents' anti-SLAPP motion. This court " 'review[s] an order granting an anti-SLAPP motion de novo. . . .' " (*Jay v. Mahaffey* (2013) 218 Cal.App.4th 1522, 1536 (*Jay*).)

1. *Governing law*

a. *The anti-SLAPP statute*

i. *The anti-SLAPP statute and statements made in connection with a judicial proceeding*

Section 425.16, subdivision (b)(1) provides: "A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free

10

speech under the United States Constitution or the California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim."

Section 425.16, subdivision (e) provides in relevant part:

> "As used in this section, 'act in furtherance of a person's right of petition or free speech under the United States or California Constitution in connection with a public issue' includes: (1) any written or oral statement or writing made before a legislative, executive, or *judicial proceeding*, or any other official proceeding authorized by law, (2) *any written or oral statement* or writing made *in connection with* an issue under consideration or review by a legislative, executive, or *judicial body*, or any other official proceeding authorized by law. . . ."  (Italics added.)

Pursuant to section 425.16, subdivision (e)(1) and (2), "statements, writings and pleadings in connection with civil litigation are covered by the anti-SLAPP statute, and that statute does not require any showing that the litigated matter concerns a matter of public interest."  (*Rohde v. Wolf* (2007) 154 Cal.App.4th 28, 35; accord *Gallanis-Politis v. Medina* (2007) 152 Cal.App.4th 600, 609 (*Gallanis-Politis*) [" ' "A cause of action 'arising from' defendant's litigation activity may appropriately be the subject of a section 425.16 motion to strike." ' "])  Litigation activity subject to an anti-SLAPP motion includes "communicative conduct such as the filing, funding, and prosecution of a civil action." (*Rusheen v. Cohen* (2006) 37 Cal.4th 1048, 1056.)  Further, "communications in connection with *anticipated* litigation are considered to be ' " 'under consideration or review by a . . . judicial body.' " ' "  (*Neville*, *supra*, 160 Cal.App.4th at p. 1263, italics added.)

11

### ii. *The two-step process for resolving an anti-SLAPP motion*

"Resolution of an anti-SLAPP motion 'requires the court to engage in a two-step process. First, the court decides whether the defendant has made a threshold showing that the challenged cause of action is one *arising from* protected activity. The moving defendant's burden is to demonstrate that the act or acts of which the plaintiff complains were taken "in furtherance of the [defendant]'s right of petition or free speech under the United States Constitution or California Constitution in connection with a public issue," as defined in the statute. (§ 425.16, subd. (b)(1).) If the court finds such a showing has been made, it then determines whether the plaintiff has demonstrated a probability of prevailing on the claim.' " (*Jarrow Formulas, Inc. v. LaMarche* (2003) 31 Cal.4th 728, 733.)

On appeal, this court " 'review[s] an order granting an anti-SLAPP motion de novo . . . .' " (*Jay*, *supra*, 218 Cal.App.4th at p. 1536.)

### iii. *The "arising from" requirement*

In determining whether a cause of action arises from protected activity, a court must "disregard the labeling of the claim [citation] and instead 'examine the *principal thrust* or *gravamen* of a plaintiff's cause of action to determine whether the anti-SLAPP statute applies' and whether the trial court correctly ruled on the anti-SLAPP motion. [Citation.] [A court] assess[es] the principal thrust by identifying '[t]he allegedly wrongful and injury-producing conduct . . . that provides the foundation for the claim.' [Citation.] If the core injury-producing conduct upon which the plaintiff's claim is premised does not rest on protected speech or petitioning activity, collateral or incidental

12

allusions to protected activity will not trigger application of the anti-SLAPP statute."
(*Hylton v. Frank E. Rogozienski, Inc.* (2009) 177 Cal.App.4th 1264, 1272.)

   b. *An appellant's burden of appeal*

An " 'order of a lower court is presumed to be correct on appeal, and all intendments and presumptions are indulged in favor of its correctness.' " (*Schnabel v. Superior Court* (1993) 5 Cal.4th 704, 718 (*Schnabel*).) An appellant has the burden of affirmatively showing prejudicial error (*City and County of San Francisco v. Funches* (1999) 75 Cal.App.4th 243, 244-245). The presumption of correctness also imposes a burden on the appellant to present argument and authority on each point; otherwise, the point is deemed abandoned. (*In re Sade C.* (1996) 13 Cal.4th 952, 994.) An appellate court is not required to discuss or consider points that are not adequately presented. (*Kim v. Sumitomo Bank* (1993) 17 Cal.App.4th 974, 979 (*Kim*).) In addition, the fact that an appellant proceeds in propia persona does not alter these standards, as "[p]ro. per. litigants are held to the same standards as attorneys." (*Kobayashi v. Superior Court* (2009) 175 Cal.App.4th 536, 543.)

   2. *Application*

At the outset, we observe that it is extremely difficult to understand the principal thrust or gravamen of each of Van's causes of action, because Van's complaint does not separately state her causes of action, as is required. (See Cal. Rules of Court, rule 2.112.)

That rule provides as follows:

> "Each separately stated cause of action, count, or defense must specifically state:

"(1) Its number (e.g., 'first cause of action');

"(2) Its nature (e.g., 'for fraud');

"(3) The party asserting it if more than one party is represented on the pleading (e.g., 'by plaintiff Jones'); and

"(4) The party or parties to whom it is directed (e.g., 'against defendant Smith')."

Although the captions of Van's form and narrative complaints state that she is bringing a claim for breach of contract, the form portion of her complaint appears to pertain *solely* to her fraud causes of action. Further, the 55-page narrative portion of the complaint does not separately outline the basis for her breach of contract claim. Moreover, notwithstanding that the caption of her narrative complaint indicates that she is bringing a claim for breach of contract, a review of the allegations in the complaint suggests that her claim is premised on respondents' purported acts in making *fraudulent statements in connection with settlement negotiations* that purportedly occurred in response to Van's December 2009 cease and desist letter to Twentieth Century Fox. For example, Van alleges the following:[8]

> "**This is not a copyright infringement law suit**. This is a law suit alleging and proving fraudulent actions of the defendants and their attorney Robert Rotstein wherein [Van] has newly found evidence as of June 2014 to prove that the defendant's claim that Avatar originated from a 'scriptment' solely written by James Cameron . . . is a fraud after telling [Van] and her attorney, on or about the 7th of March 2010, that a staffer found [Van's] book on the internet and gave it to James Cameron . . . ."

---

[8]    All errors are in the original.

14

Van also claims, "[Van] believes that after having received [Van's] cease and desist offer to pay for her book-communication on or about December 2009, the defendants put into motion their intent to defraud [Van] and a plan to commit a fraud upon the court with their 'scriptment fraud.' " Van also alleges, "The defendants never planned to honor their agreement unbeknownst to plaintiff at that time in March. This is **intentional promissory fraud and deceit**." Van further alleges that respondents "induced [Van] to change her decision to sue them in March."

Making a settlement offer is litigation activity protected by the anti-SLAPP statute. (See, e.g., *Seltzer v. Barnes* (2010) 182 Cal.App.4th 953, 963 (*Seltzer*) [reviewing case law and stating, "cases have . . . held that settlement negotiations are within the scope of section 425.16"]; *GeneThera, Inc. v. Troy & Gould Professional Corp.* (2009) 171 Cal.App.4th 901, 908.) Further, the *Seltzer* court noted even allegedly *fraudulent* statements made in connection with settlement negotiations are protected:

> "[C]ases have . . . held that settlement negotiations are within the scope of section 425.16. In *Navellier v. Sletten* (2002) 29 Cal.4th 82 (*Navellier*), the plaintiffs sued the defendant for fraud, alleging the defendant had misrepresented his intent to be bound by a release in a previous federal action. (*Id.* at p. 87.) The California Supreme Court held the defendant's negotiation and execution of the release involved ' "statement[s] or writing[s] made in connection with an issue under consideration or review by a . . . judicial body" (§ 425.16, subd. (e)(2)), i.e., the federal district court.' (*Id.* at p. 90.) In *Navarro v. IHOP Properties, Inc.* (2005) 134 Cal.App.4th 834, 841-842, the plaintiff alleged the defendant made fraudulent promises in exchange for stipulation of judgment in an earlier unlawful detainer action. The Court of Appeal followed *Navellier* in holding that the case before it, 'concerning allegedly fraudulent statements within the context of negotiating the stipulated judgment,' was within the scope of section 425.16. (*Navarro*, at p. 842.) *Navarro* also cited to *Dowling v. Zimmerman* (2001) 85 Cal.App.4th

15

1400, 1418-1420 (*Dowling*), where the court held that a claim for misrepresentation, arising from the defendant's negotiation of a stipulated settlement of an unlawful detainer action, was within the scope of section 425.16, subdivision (e)(2)." (*Seltzer*, *supra*, at pp. 963-964.)

Thus, Van's breach of contract claim, which appears to be based on respondents' purported acts in making fraudulent statements to her in settlement negotiations in response to her cease and desist letter, arose from protected activity under the anti-SLAPP statute.

Van's fraud claims appear to be based on actions taken by respondents in connection with the prior federal action. For example, Van claimed that in that action, respondents filed "fraudulent motion[s]," "concealed material facts from the court," and "prepared fictitious evidence in court." Van also asserted, "**If it were not for the fraudulent acts of the defendants and their attorney Rotstein the defendants would not have prevailed** against the plaintiff in court." Van's fraud claims thus also arise from the respondents "litigation activity," and thus were " ' "appropriately . . . subject of a section 425.16 motion to strike." ' " (*Gallanis-Politis*, *supra*, 152 Cal.App.4th at p. 609.)

We conclude that the trial court properly determined that respondents made a threshold showing that all of Van's claims arise from protected activity.

With respect to demonstrating a probability of prevailing, the trial court concluded that Van had no admissible evidence demonstrating the existence of an enforceable contract, or fraud. Van fails to rebut the presumption of correctness of the trial court's order (see *Schnabel*, *supra*, 5 Cal.4th at p. 718). The arguments in Van's brief are not adequately presented (see *Kim*, *supra*, 17 Cal.App.4th at p. 979) in that they are largely

16

incomprehensible and/or not legally cognizable.  For example, the legal discussion portion of her brief begins as follows:[9]

**"11. MAIN ARGUMENTS PART I**

"The Defendants declarations and motions were granted.  The Appellant makes the following main arguments:

> **12. The court abused its discretion in the following ways:** pursuant to Federal Rule of Civil Procedure 15(a)(2), which provides that a district court 'should freely give leave [to amend] when justice so requires,'.  The defendants filed a fraudulent frivolous SLAPP motion wherein they lead the court to believe that plaintiff had no offer for payment.  Plaintiff submitted evidence supporting the fact that there was an offer extended and accepted shown in exhibit 18.  Plaintiff should have been granted motions for she has the burden of proving her case, and compelling reasons to amend her case and vacate all judgements against her, past and present.  Federal Rule of Civil Procedure 15(a)(2), which provides that a district court 'should freely give leave [to amend] when justice so requires,".  Id.  Clark  .  United States(citing Coe v. Bell, 161 F.3d 320, 341-42 (6th Cir.1998))."

Exhibit 18, which Van refers to in her brief as "newly discovered evidence," is a March 2010 email from *Van* to her lawyer in the federal action in which Van states in part, "How dare they presume to offer me a job when copyright infringement law clearly states that I will receive all profits derived from their copyright infringement upon my rights?"  Neither this email, nor any of the other documents contained in the record to which Van refers in her brief, constitutes legally sufficient evidence to sustain a verdict in Van's favor on any of her causes of action.  Accordingly, the trial court properly concluded that Van failed to establish a probability of prevailing on any of her claims. (See *Navellier v. Sletten* (2002) 29 Cal.4th 82, 88-89 [in order to demonstrate a

---

[9]    The errors in the quotations below appear in the original.

probability of prevailing, a party opposing an anti-SLAPP motion " ' "must demonstrate that the complaint is both legally sufficient and supported by a sufficient prima facie showing of facts to sustain a favorable judgment if the evidence submitted by the plaintiff is credited" ' "].)[10]

Accordingly, we conclude that the trial court did not err in granting respondents' anti-SLAPP motion.

C. *Van has not established that the trial court erred in awarding attorney fees to Cameron, Twentieth Century Fox, and Lightstorm pursuant to the anti-SLAPP statute*

Van appears to claim that the trial court erred in awarding attorney fees to Cameron, Twentieth Century Fox, and Lightstorm pursuant to the anti-SLAPP statute.[11]

Section 425.16, subdivision (c) provides: "[I]n any action subject to [an anti-SLAPP motion], a prevailing defendant on a special motion to strike shall be entitled to recover his or her attorney's fees and costs."

---

[10]     Van also appears to contend that the trial court erred in denying her motion to vacate because the exhibits attached to that motion purportedly would demonstrate that her claims had merit. Specifically, Van contends that through her motion to vacate, she presented evidence, "which if believed, would reverse and or vacate the courts [*sic*] dismissal, but as this evidence would impeach the defendants [*sic*] witnesses, [Van] prevail would instantly translate to mean the defendant's [*sic*] guilt of perjury, and frivolous SLAPP motion filing, and Breach of Contract and Fraud upon the Court and defrauding the plaintiff." However, as stated in the text, the exhibits in the record do not constitute sufficient evidence to sustain any of the claims in her complaint. Thus, Van has not demonstrated that the trial court erred in denying her motion to vacate.

[11]     Van asserts, "There was a glaring flaw in how the court granted fees." (Boldface omitted.)

18

It is an appellant's burden to provide an adequate record on appeal that demonstrates that the trial court erred. (*Ballard v. Uribe* (1986) 41 Cal.3d 564, 574-575; *Baker v. Children's Hospital Medical Center* (1989) 209 Cal.App.3d 1057, 1060.)

The record on appeal does not contain the motion for attorney fees. This court thus has no basis on which to review the trial court's order granting attorney fees because Van failed to carry her burden of providing an adequate record on appeal.

Accordingly, we conclude that Van has not established that the trial court erred in awarding attorney fees to Cameron, Twentieth Century Fox, and Lightstorm pursuant to the anti-SLAPP statute.

IV.

DISPOSITION

The April 20 order granting respondents' anti-SLAPP motion and the June 29 order denying Van's motion to vacate the April 20 order are affirmed. The June 29 order granting Cameron, Twentieth Century Fox, and Lightstorm attorney fees in the amount of $24, 815.75 is affirmed. Respondents are entitled to costs on appeal.

AARON, J.

WE CONCUR:

BENKE, Acting P. J.

IRION, J.

19