Filed 3/10/23  EZ Roofing v. JSAMJ CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FOURTH APPELLATE DISTRICT

# DIVISION TWO

EZ ROOFING,

      Cross-complainant and Appellant,

v.

JSAMJ, INC.,

      Cross-defendant and Respondent.

E077877

(Super.Ct.No. RIC1803414)

OPINION

APPEAL from the Superior Court of Riverside County.  John W. Vineyard, Judge. Affirmed.

Ezequiel Gomez Palacios and Maria De Jesus Garcia Palacios, in pro. per., for Cross-complainant and Appellant.

No appearance for Cross-defendant and Respondent.

This appeal involves a cross-complaint filed by a roofing company after it was sued by its client.  Plaintiff, cross-defendant and respondent JSAMJ, Inc. (JSAMJ) brought suit, alleging defects in defendant, cross-complainant and appellant EZ Roofing's work.  EZ Roofing cross-complained, alleging five causes of action grounded in JSAMJ's

1

litigation activity.  EZ Roofing contends that the trial court erred by granting JSAMJ's special motion to strike the cross complaint (anti-SLAPP motion) in its entirety pursuant to Code of Civil Procedure section 425.16 (the anti-SLAPP statute).[1]  We affirm the ruling.

FACTS

JSAMJ is a California corporation and the former owner of a property, the roof of which EZ Roofing was hired to repair in 2015.  EZ Roofing is the fictitious business name of an unregistered general partnership formed by the actions and intent of its partners, and not a separate financial or legal entity.  EZ Roofing's general partners, Ezequiel Palacios and Maria Palacios, have acted on its behalf without representation by a licensed attorney through much of this litigation, including the entirety of this appeal.

JSAMJ's initial complaint against EZ Roofing, filed February 16, 2018, alleged breach of written contract, breach of express warranty, and negligence.  Two amended complaints have been since been filed, though neither was included in our record.

In August 2018, the Riverside Superior Court denied JSAMJ's motion to consolidate this case with an earlier-filed case between the current owner of the property and JSAMJ, among others.  The motion was made in the earlier case, *Williams v. JSAMJ, Inc., et al.*, case No. 16000639.[2]  The plaintiff in that matter had opposed consolidation,

---

[1]  Undesignated statutory references are to the Code of Civil Procedure.

[2]  The motion to consolidate itself is not a part of our record, but the plaintiff's opposition to it is.

2

arguing among other things that his claims against JSAMJ arose from "failure to disclose" the repairs performed by EZ Roofing, as well as "the underlying conditions necessitating the[] repairs," and not any claim that the repairs were "defectively made."

EZ Roofing's cross complaint, filed March 2021, alleges five causes of action: (1) malicious prosecution, (2) abuse of process, (3) intentional misrepresentation, (4) defamation by implication, and (5) breach of the implied covenant of good faith and fair dealing. After a hearing in June 2021, the trial court granted JSAMJ's anti-SLAPP motion and ordered EZ Roofing's cross complaint "stricken and dismissed with prejudice" in its entirety. (Capitalization altered.)

## DISCUSSION

EZ Roofing contends that the trial court erred by granting JSAMJ's anti-SLAPP motion. We find no error.[3]

---

[3] JSAMJ did not make an appearance in this appeal. We therefore refrain from considering whether EZ Roofing's arguments on appeal cross the line from meritless to frivolous, or whether sanctions might otherwise be warranted due to "unreasonable violations of the rules of appellate procedure." (*Evans v. Centerstone Development Co.* (2005) 134 Cal.App.4th 151, 165.) Nevertheless, we find it appropriate to caution EZ Roofing that, while it is appropriate to argue that a ruling in a case is erroneous, ad hominem attacks against a trial court judge, or anyone for that matter, have no place in appellate briefing or oral argument and are potentially sanctionable behavior. (See *In re S.C.* (2006) 138 Cal.App.4th 396, 422 ["Disparaging the trial judge is a tactic that is not taken lightly by a reviewing court"].)

In response to EZ Roofing's comments at oral argument, we also note that "'since the appellant has the affirmative burden to show error whether or not the respondent's brief has been filed, the respondent's failure to file does not require an automatic reversal.'" (*Miles v. Speidel* (1989) 211 Cal.App.3d 879, 881; see also Cal. Rules of Court, rule 8.220(a)(2) [if respondent fails to file brief, "the court may decide the appeal on the record, the opening brief, and any oral argument by the appellant"].)

"California's anti-SLAPP statute provides that '[a] cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech . . . shall be subject to a special motion to strike, unless the court determines . . . there is a probability that the plaintiff will prevail on the claim.'"[4] (*Baral v. Schnitt* (2016) 1 Cal.5th 376, 381 (*Baral*), quoting § 425.16, subd. (b)(1).)  The statute "does not insulate defendants from *any* liability for claims arising from the protected rights of petition or speech.  It only provides a procedure for weeding out, at an early stage, *meritless* claims arising from protected activity." (*Baral*, *supra*, at p. 384.)

"The procedure made available to defendants by the anti-SLAPP statute has a distinctive two-part structure." (*Rand Resources, LLC v. City of Carson* (2019) 6 Cal.5th 610, 619.)  "A defendant satisfies the first step of the analysis by demonstrating that the 'conduct by which plaintiff claims to have been injured falls within one of the four categories described in subdivision (e) [of section 425.16]' [citation], and that the plaintiff's claims in fact *arise* from that conduct [citation]." (*Id.* at p. 620.)  These categories include a defendant's statements made "before a . . . judicial proceeding," as well as statements "made in connection with an issue under consideration or review by a . . . judicial body." (§ 425.16, subd. (e)(1), (2).)  That includes acts by attorneys in representing clients in litigation. (*Rusheen v. Cohen* (2006) 37 Cal.4th 1048, 1056.)  The protection provided by the anti-SLAPP statute to litigation-related activity is broad:

---

[4]  Consistent with section 425.16, subdivision (h), which makes cross complaints subject to the anti-SLAPP statute, we use the terms "plaintiff" and "defendant" to include "cross-complainant" and "cross-defendant."

"[S]tatements, writings and pleadings in connection with civil litigation are covered by the anti-SLAPP statute, and [do] not require any showing that the litigated matter concerns a matter of public interest." (*Rohde v. Wolf* (2007) 154 Cal.App.4th 28, 35; see *Kajima Engineering and Const., Inc. v. City of Los Angeles* (2002) 95 Cal.App.4th 921, 929 ["filing a lawsuit is an exercise of the constitutional right of petition"].)

"If the defendant makes the required showing, the burden shifts to the plaintiff to demonstrate the merit of the claim by establishing a probability of success . . . . [The court's inquiry at this second step] is limited to whether the plaintiff has stated a legally sufficient claim and made a prima facie factual showing sufficient to sustain a favorable judgment." (*Monster Energy Co. v. Schechter* (2019) 7 Cal.5th 781, 788.)

Our Supreme Court has recently clarified that "[a]nalysis of an anti-SLAPP motion is not confined to evaluating whether an entire cause of action, as pleaded by the plaintiff, arises from protected activity or has merit." (*Bonni v. St. Joseph Health System* (2021) 11 Cal.5th 995, 1010.) "Instead, courts should analyze each claim for relief—each act or set of acts supplying a basis for relief, of which there may be several in a single pleaded cause of action—to determine whether the acts are protected and, if so, whether the claim they give rise to has the requisite degree of merit to survive the motion." (*Ibid.*; see *Baral*, *supra*, 1 Cal.5th at pp. 393-395.)

Each of the claims for relief asserted by EZ Roofing is founded in protected activity, specifically, JSAMJ's filing of its complaint and amended complaints in this litigation, or other litigation activity. In the first cause of action for malicious

5

prosecution, the only alleged acts by JSAMJ are (1) the filing of JSAMJ's complaint in this action and its subsequent amendments, which EZ Roofing asserts are "based on untrue allegations," and (2) the filing of JSAMJ's motion to consolidate this case with the earlier action brought against it by the current owner of the property.  The second cause of action for abuse of process alleges that "on February 16, 2018 [JSAMJ] abused the process when they filed a law suit . . . against Cross-Complainant for damages that they are not entitled to claim."  The alleged misrepresentations in the third cause of action for intentional misrepresentation are the purportedly false allegations of JSAMJ's "original Complaint" (and, implicitly, the amended complaints).  Similarly, the purportedly defamatory statements alleged in the fourth cause of action for defamation by implication are the allegations of JSAMJ's February 16, 2018 complaint.  EZ Roofing asserts in its fifth cause of action that JSAMJ breached the implied covenant of good faith and fair dealing by filing the February 16, 2018 complaint.  No other purportedly wrongful acts other than such litigation activity are alleged in the cross complaint.  Thus, the trial court was correct that the entire cross complaint arises from activity protected under the anti-SLAPP statute.

As to the second step the anti-SLAPP analysis, the trial court correctly determined that EZ Roofing cannot show a likelihood of success on its second, third, fourth, or fifth causes of action because of the litigation privilege.  The litigation privilege, codified at Civil Code section 47, subdivision (b), provides that a "'publication or broadcast' made as part of a 'judicial proceeding'" is privileged.  (*Action Apartment Assn., Inc. v. City of*

6

*Santa Monica* (2007) 41 Cal.4th 1232, 1241.) "[T]he privilege applies to any communication (1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that have some connection or logical relation to the action." (*Silberg v. Anderson* (1990) 50 Cal.3d 205, 212 (*Silberg*).) Statements in pleadings, motions, and other court filings are, of course, core examples of such communications. (E.g., *Optional Capital, Inc. v. Akin Gump Strauss, Hauer & Feld LLP* (2017) 18 Cal.App.5th 95, 118.)

"To effectuate its vital purposes, the litigation privilege is held to be absolute in nature." (*Silberg*, *supra*, 50 Cal.3d at p. 216.) If a communication falls within its scope, the privilege applies no matter whether it is "true or false or made with malice or without" it. (*Holland v. Jones* (2012) 210 Cal.App.4th 378, 382.) "The only exception to application of [the litigation privilege] to tort suits has been for malicious prosecution actions." (*Silberg*, *supra*, 50 Cal.3d at p. 215.) It follows that EZ Roofing's second, third, fourth, and fifth causes of action, each of them tort claims and each founded in allegations about pleadings or other court filings by JSAMJ, are barred by the litigation privilege and thus have no likelihood of success.

The trial court also correctly determined that EZ Roofing cannot show a likelihood of success on its first cause of action for malicious prosecution. A plaintiff bringing a cause of action for malicious prosecution must allege and prove, among other things, that a prior action on the underlying dispute between the parties was "pursued to a legal termination in the plaintiff's favor." (*Fuentes v. Berry* (1995) 38 Cal.App.4th 1800,

7

1807-1808.)  The dispute between JSAMJ has never been pursued to a legal termination in favor of either party; JSAMJ's initial complaint in this action has been amended, but the matter remains pending.  The denial of JSAMJ's motion to consolidate this case with the lawsuit brought by the current owner of the property is not a resolution of the dispute between JSAMJ and EZ Roofing, but only a decision to allow the two lawsuits to proceed separately.  And the current owner's decision not to bring any claims against EZ Roofing is irrelevant to the merits of JSAMJ's claims against EZ Roofing.  There are a variety of reasons a plaintiff might choose not to pursue a claim against one party or another, regardless of whether such a claim might have merit, if asserted.  It is simply untrue that EZ Roofing was "exonerated . . . from any [and] all liabilities in reference to the repairs," as EZ Roofing would have it.  Thus, EZ Roofing also cannot demonstrate any likelihood of success on its malicious prosecution cause of action.

Each of the claims asserted in EZ Roofing's cross-complaint is protected under the anti-SLAPP statute, and EZ Roofing cannot demonstrate a likelihood of success on any of them.  The trial court was correct to grant JSAMJ's anti-SLAPP motion.

DISPOSITION

The trial court's order granting JSAMJ's anti-SLAPP motion is affirmed. Because JSAMJ prevailed without filing a respondent's brief, no award of costs is appropriate.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAPHAEL
J.

We concur:

CODRINGTON
Acting P. J.

SLOUGH
J.

9